1
2
3
4
5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7   CARRIE ADKINS,

8                              Plaintiff,

9         v.

10  LIFE INSURANCE COMPANY OF
    NORTH AMERICA,

11                             Defendant.

12

NO. 4:20-CV-5104-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR RECONSIDERATION

13      BEFORE THE COURT is Defendant's Motion for Reconsideration (ECF

14  No. 26).  This matter was submitted for consideration with telephonic oral

15  argument on February 10, 2021.  Stephania C. Denton appeared on behalf of

16  Defendant and Mel Crawford appeared on behalf of Plaintiff.  The Court has

17  reviewed the record and files herein, and is fully informed.  For the reasons

18  discussed below Defendant's Motion for Reconsideration (ECF No. 26) is

19  GRANTED.

20

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

1

## BACKGROUND

2    This case relates to Plaintiff's action to recover long-term disability benefits

3    allegedly owing to Plaintiff under Section 502(a) of the Employee Retirement

4    Income Security Act ("ERISA"), 29 U.S.C. § 1132(a).  The present motion relates

5    to the parties' ongoing discovery dispute.  On January 13, 2021, the Court heard

6    oral argument regarding the parties' dispute over certain discovery materials that

7    Plaintiff alleges relate to her claim for breach of fiduciary duty under 29 U.S.C.

8    § 1132(a)(3).  ECF No. 26 at 4.  The Court issued an oral ruling that directed

9    Defendant to produce the requested information.  ECF No. 21.  On February 8,

10   2021, Defendant filed the instant Motion for Reconsideration.  ECF No. 26.  The

11   Court heard oral argument on Defendant's motion on February 10, 2021 but

12   reserved a ruling to allow the parties time to fully brief the issue.  ECF No. 30.

13

## DISCUSSION

14   Federal Rule of Civil Procedure 54(b) governs reconsideration of a non-final

15   order.  An order that resolves fewer than all the claims among the parties – that is,

16   a non-final order – "may be revised at any time before the entry of judgment

17   adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ.

18   P. 54(b); *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th

19   Cir. 2005).  Where reconsideration of a non-final order is sought, the court has

20   "inherent jurisdiction to modify, alter, or revoke" its order.  *United States v.*

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 2

1    *Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).

2          Defendant urges the Court to reconsider its prior ruling on the grounds that

3    Defendant cannot reasonably obtain the information sought and because Plaintiff

4    has not met her burden demonstrating the need to extend discovery beyond the

5    bounds of the usual ERISA *de novo* review.  ECF Nos. 26 at 5-10.  Plaintiff argues

6    the typically limited discovery in a *de novo* ERISA benefits determination does not

7    apply to claims for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).  ECF

8    No. 34 at 2-5.

9          The Court accepts Defendant's representation that it does not keep the

10   information sought, would have to conduct a physical review of every claim file

11   during the time frame at issue to see whether Dr. Mendelssohn was involved and

12   how much her employer was paid for her services.  Even then, such a process

13   would not reveal the precise relevant information Plaintiff seeks.  The Court finds

14   such process too expensive and burdensome, given that the information would

15   more easily be obtained directly from Dr. Mendelssohn or her employer.

16         As Plaintiff acknowledged during the telephonic hearing, her claim for

17   breach of fiduciary duty is likely contingent upon the success of her claim for

18   award of benefits under 29 U.S.C. § 1132(a)(1)(B).  Having determined Plaintiff is

19   not entitled to an award of benefits under § 1132(a)(1)(B), the Court finds

20   additional discovery pertaining to her claim for breach of fiduciary duty is

unnecessary as her claim under § 1132(a)(3) will likely fail. *See Wise v. MAXIMUS Fed. Servs., Inc.,* 478 F. Supp. 3d 873, 897 (N.D. Cal. 2020); *Talbot v. Reliance Standard Life Ins. Co.*, No. CV-14-00231-PHX-DJH, 2018 WL 10419233, at *20 (D. Ariz. Feb. 7, 2018), *aff'd,* 790 F. App'x 129 (9th Cir. 2020); *Mullin v. Scottsdale Healthcare Corp. Long Term Disability Plan*, No. CV-15-01547-PHX-DLR, 2016 WL 107838, at *3 (D. Ariz. Jan. 11, 2016). Consequently, the Court reverses its prior order directing Defendant to produce discovery (ECF No. 21).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Reconsideration (ECF No. 26) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** March 1, 2021.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 4